UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EILEEN CONNELL,

                Plaintiff,

- against –

NEOGENOMICS, INC.,

                Nominal Defendant,

- and -

KEVIN C. JOHNSON,

                Defendant.

No. 1:20-cv-01864

**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**

**JURY TRIAL DEMANDED**

---

Plaintiff Eileen Connell ("Plaintiff"), by her attorneys, alleges upon knowledge of her own acts, and upon information and belief as to the acts of others, as follows:

1. This is an action to recover "short swing" profits under Section 16(b) of the Securities and Exchange Act of 1934, as amended (the "1934 Act"), 15 U.S.C. § 78p(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under Section 27 of the 1934 Act, 15 U.S.C. § 78aa.

3. Venue is proper in this district because Plaintiff is a resident of New York, New York and because some or all of the transactions giving rise to liability as alleged herein occurred or were executed on exchanges and/or through market-makers located in New York, New York.

## THE PARTIES

4. Plaintiff, a New York resident, is a shareholder of Nominal Defendant NeoGenomics, Inc.

5. Nominal Defendant NeoGenomics, Inc. ("NeoGenomics") is a cancer diagnostics and pharmaceutical services company incorporated in Nevada with its principal place of business

in Fort Myers, Florida.  This action is brought in the right and for the benefit of NeoGenomics, which is named as a defendant solely to bring all necessary parties before the Court.

6.     Defendant Kevin C. Johnson is a resident of Connecticut and has served as a director of NeoGenomics since 2010.

## FACTUAL BACKGROUND

7.     At all relevant times, the common stock issued by NeoGenomics was registered under Section 12(b) of the 1934 Act, 15 U.S.C. § 78l.

8.     As a director of NeoGenomics, Johnson is and was at all relevant times an "insider" per Section 16 of the 1934 Act, 15 U.S.C. § 78p.

9.     On November 9, 2018, Johnson placed sales of 46,000 and 20,007 shares of NeoGenomics common stock at prices of $17.01 and $17.08 per share, respectively.  These sales were reflected in a Form 4 "Statement of Changes in Beneficial Ownership" filed with the Securities and Exchange Commission ("SEC") filed by Johnson on November 13, 2018 (the "First Form 4").

10.    On December 21, 2018, Johnson placed a trade to purchase 26,000 shares of NeoGenomics common stock at a price of $11.60 per share as reflected in the Form 4 filed by Johnson with the SEC on December 26, 2018 (the "Second Form 4").

11.    The December 21, 2018 purchase and the November 9, 2018 sales resulted in Johnson realizing a profit of no less than $142,060.49 calculated using the "lowest-in, highest-out" method.

12.    On December 27, 2018, Johnson filed an amendment to the First Form 4 (the "Form 4 Amendment").  The Form 4 Amendment stated that it was "filed solely to report the cancellation of the transaction reported on December 26, 2018."

13. On September 9, 2019, Plaintiff sent a letter to NeoGenomics identifying the above trades and demanding that the company take action to recover all profits received by Johnson from these and any other short-swing trades.

14. In subsequent correspondence, NeoGenomics stated that Johnson's purchase of 26,000 shares on December 21, 2018 had been canceled and that there were no short-swing profits. Yet counsel for NeoGenomics also stated that Johnson had paid $60,000 to NeoGenomics as part of a "settlement and disgorgement."

15. Plaintiff asked NeoGenomics to explain why, if there had been no short-swing profits, Johnson had been required to disgorge $60,000 and requested a copy of any settlement agreement concerning the disgorgement.

16. As of the filing of this complaint, NeoGenomics has failed to provide a copy of any settlement agreement.  NeoGenomics has also refused to provide any details about the amounts disgorged by Johnson, how such amounts were calculated, and the amount of any attorneys' fees paid.  Upon information and belief, NeoGenomics has taken no further action with regard to Johnson's trades of November 9, 2018 and December 21, 2018.

17. This action is brought within two years of the violations described in this Complaint or within two years of the time when the transactions were disclosed in SEC filings as required by Section 16(a) of the 1934 Act, 15 U.S.C. § 78p(a).

## CAUSES OF ACTION

**COUNT I: Recovery of Profits Under Section 16(b) of the 1934 Act**

18. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19. Johnson sold and purchased NeoGenomics common stock within a six-month period.

20. Johnson realized profits of $142,060.49 in connection with this sale and purchase.

21. As a director of NeoGenomics, Johnson was a NeoGenomics insider subject to Section 16(b) of the 1934 Act, 15 U.S.C. § 78p(b) at the time of the sale and purchase of the NeoGenomics stock.

22. As of the date of this Complaint, Johnson has failed to account for and disgorge the entirety of his short swing profits from the November 9 and December 21, 2018 sale and purchase despite Plaintiff's September 9, 2019 demand.

23. As a result, Johnson and NeoGenomics are in breach of Section 16(b) of the 1934 Act.

24. In the event that Johnson made other purchases and sales of NeoGenomics stock within the above or any other six-month period resulting in short-swing profits, such transactions are also a breach of Section 16(b) of the 1934 Act requiring disgorgement by Johnson to NeoGenomics.

25. Through such purchases and sales or sales and purchases, Defendant Johnson realized profits, the exact amounts which are unknown to Plaintiff, which inure to the benefit of, and are recoverable by, Plaintiff on behalf of NeoGenomics.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court enter judgment as follows:

A. Issuing an order requiring Johnson to account for and to pay to NeoGenomics all short-swing profits realized in violation of Section 16(b) of the 1934 Act, minus any disgorgement previously made, along with appropriate interests and the costs of this action;

B. Awarding Plaintiff attorneys' fees and costs incurred in connection with this dispute; and

C. Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
March 3, 2020

          HARRISON LEGAL, PLLC

          By: /s/ Mari K. Bonthuis
               Mari K. Bonthuis
               Eric Small

          228 Park Avenue S # 97956
          New York, New York 10003-1502
          (212) 433-2879
          MKB@Sterlington.net
          esmall@Sterlington.net

          *Attorneys for Plaintiff Eileen Connell*

5